# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MICHAEL WALTERS**                                                        **PLAINTIFF**
**ADC #181715**

v.                      **No: 3:23-cv-00044 DPM-PSH**

**DOES,** *et al.*                                                         **DEFENDANTS**

## ORDER

      Plaintiff Michael Walters, an inmate at the Arkansas Division of Correction's Cummins Unit, filed a pro se complaint (Doc. No. 1) on February 14, 2023, and an amended complaint (Doc. No. 4) on February 24, 2023. On February 27, 2023, the Court granted Walters' application to proceed *in forma pauperis* and directed him to file another amended complaint to clarify and narrow his claims (Doc. No. 5).[1] On March 6, 2023, the Court received an amended complaint from Walters dated February 16, 2023 (Doc. No. 9). Since that time, Walters has had several address changes. *See* Doc. Nos. 13 & 22. Mail has been sent to him at his updated address, but he has still not filed an amended complaint that comports with the Court's

---

[1] Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

February 27, 2023 Order. Accordingly, the Court will allow him one final opportunity to amend his complaint to narrow and clarify his claims.

In an amended complaint, Walters must specifically describe how ***each*** named defendant violated his constitutional rights and how he was injured as a result.[2] Additionally, Walters' claims must be factually related if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[3]

The Clerk of Court is directed to send a blank § 1983 complaint form to Walters. Walters is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended

---

[2] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Additionally, a county detention center is not a suable entity. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).

[3] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, this case may be dismissed.

    IT IS SO ORDERED this 7th day of July, 2023.

_____
UNITED STATES MAGISTRATE JUDGE